# EXHIBIT    1

# Excerpts from A-File

Biographical Data Retrieval



Last Name: RUELAS GARCIA

First Name: ISAEL

DOB [MM/DD/YYYY]: 12/22/1982

Country of Birth: MEXICO

Sex: M

Country of Citizenship: MEXICO

A#:

Address - City/Residence:

Address - State/Residence:

Address - Country/Residence: UNK

Comments:

Location of Apprehension:

TID:

Method of Location/Apprehension: Patrol Border

Apprehended By:

Status of Entry:

Date and Time of Apprehension: 09/03/2000 06:55:51

Apprehending Station:

Misc1:

Length of Time Illegally in U.S:

Misc3:

At Entry:

Misc2:

Print: Print 1-213

View Alerts    Done

001

Last Name
CURIEL-FIERRO

First Name
SAUL

Sex
M

DOB (MM/DD/YYYY)
12/22/1984

Country of Birth
MEXICO

A#

Country of Citizenship
MEXICO

Address - City/Residence

Address - State/Residence

Address - Country/Residence
UNK

Comments

Method of Location/Apprehension
Patrol Border

Location of Apprehension

TID

Date and Time of Apprehension
09/19/2000 09:12:15

Apprehended By

Status of Entry

Length of Time Illegally in U.S.

Apprehending Station

Misc1

At Entry

Misc3

Misc2

002

Print I-213

Print

View Alerts

Done

U.S. Department of Justice

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name(CAPS) | First | Middle |
|---|---|---|
| TORRES-Alvarado, Alejandro | | |

| Country of Citizenship | Passport Number and country of Issuance | File Number |
|---|---|---|
| Mexico | OFC to USC | A-78 756 029 |

| Sex | Hair | Eyes | Complexion |
|---|---|---|---|
| Male | Brown | Brown | Medium |

| Height | Weight | Occupation |
|---|---|---|
| 69" | 170 lbs | laborer |

**U.S. Address**
Los Angeles, CA

**Scars and Marks**
None visible

| Date, Place, Time, Manner of Last Entry | Passenger Boarded At |
|---|---|
| 09-25-00, CAL, 1450 hrs, attempted | SND/CAL |

| F. B. I. Number | Single / Divorced / Widower / ☒Married / Separated |
|---|---|
| NONE FOUND | |

**Number, Street, City, Province, (State) and Country of Permanent Residence**
Calle Nagua Y Isla De Solomon #47, Mexicali, B.C., Mexico

**Method of Location / Apprehension**
BORDER INSPECTIONS

| Date of Birth | Age 19 | Date of Action 09/25/00 | Location Code CAL/POE |
|---|---|---|---|
| January 13, 1981 | | | |

| At/Near | Date/Hour |
|---|---|
| CAL/POE | 09/25/00    1450 hrs |

| City, Province, (State) and County of Birth | AR ☐ | Form (Type & No.) | Lifted | Not Lifted ☐ |
|---|---|---|---|---|
| Nayarit, NAY, Mexico | | | | |

**By**
Cronen, Ii, Usins

| Visa Issued At - NIV No. | Social Security Account Name |
|---|---|
| Not applicable | None claimed |

| Status at entry | Status When Found |
|---|---|
| OFC to USC | Inadmissible |

| Date Visa Issued | Social Security Number |
|---|---|
| Not applicable | none claimed |

**Length of Time Illegally in U. S.**
2 years

| Immigration Record | Criminal Record |
|---|---|
| SEE PRINTOUTS: FIN#7186417 | SEE PRINTOUTS: |

**Name, Address and Nationality of Spouse (Maiden Name, if appropriate)**
Maria Del Carmen Alvarado-Mirales, Mexico, Sas

**Number and Nationality of Minor Children**
none claimed

**Father's Name, and Nationality and Address, if Known**
Jose TORRES-Marion, Mexico, SAS

**Mother's Present and Maiden Names, Nationality, and Address, if Known**
Alma Rosalia ALVARADO-Torres, Mexico, SAS

| Monies Due / Property in U. S. Not in Immediate Possession None Claimed | Fingerprinted? ☒Yes ☐No | INS Systems Checks CIS/NCIC/IDENT | Charge Code Word(s) 212(A)(6)©(II) |
|---|---|---|---|

| Name and Address of (Last)(Current) U. S. Employer | Type of Employment | Salary .hr. | Employed from/to |
|---|---|---|---|

**Narrative** (Outline particulars under which alien located / apprehended. Include details, not shown above, re time, place, manner of last entry, and elements which establish administrative and / or criminal violations. Indicate means and route of travel to interior)

On 09-25-00, TORRES-Alvarado, Alejandro applied for entry into the U.S. claiming to be a U.S.citizen. Primary inspector not satisfied with his declaration opted to referrred subject for INS secondary inspections.

At secondary inspections, TORRES-Alvarado, Alejandro readily admitted his true name and identity, that in fact he is a citizen of Mexico with no legal right or documents to enter, reside or be employed in the U.S. Subject was escorted at the P.E.T (Port Enforcement Team )for further processing.

TORRES-Alvarado, Alejandro was re-interviewed at the PET office, at which time he stated that he was a Mexican citizen with no documentation to enter, pass through or reside in the U.S. If successful on his attempted entry, he is going to El Centro, CA to seek for employment.

TORRES-Alvarado, Alejandro was in violation of Section 212(a)(6)©(ii) and is inadmissible. He was also interviewed as to any fear of persecution from others upon his return to Mexico, to which he stated none. He was served with INS Forms I-860 and I-296 and removed from the United States in accordance with Section 235(b)(1) of the Immigration and Nationality Act, as amended, for a period of five (5) years.

| Alien has been advised of communication privileges. | (Date/Initials) | (Signature and Title of INS Official) |
|---|---|---|

**Distribution:**

| Received (Subject and Documents)(Report of Interview) | | |
|---|---|---|
| Officer: Elmer V. Ona | | |
| on: September 25, 2000 | at 2115 | (time) |
| Disposition I-860 and I-296 served/expedited removal for 5 years | | |
| Examining Officer: M. Lanasa, SII | | 003 |

Form I-213 (Rev. 4/1/97)Y

U.S. Department of Justice
Immigration and Naturalization Service

Record of Sworn Statement in Proceedings
Under Section 235(b)(1) of the Act

Office:    Calexico, California          File No.:A78 756 029

Statement By:    **TORRES-Alvarado, Alejandro**

In the Case of:    **TORRES-Alvarado, Alejandro**

Date of Birth:    01/13/81          Gender (circle one):    Male    Female

At:  Imperial Valley Port of Entry, Calexico, California  92231      Date:    09/25/00

Before:Elmer V. Ona,SPECIAL OPERATIONS INSPECTOR
              Name and Title

In the Spanish Language.   Interpreter_____None_____   Employed by_____USINS_____

I am an officer of the United States Immigration and Naturalization Service.  I am authorized to administer the immigration laws and to take sworn statements.  I want to take your sworn statement regarding your application for admission to the United States.  Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview.

You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States.  This may result in your being denied admission and immediately returned to your home country without a hearing.  If a decision is made to refuse your admission into the United States, you may be immediately removed from this country,  and if so, you may be barred from reentry for a period of 5 years or longer.

This may be your only opportunity to present information to me and to the Immigration and Naturalization Service to make a decision.  It is very important that you tell the truth.   If you lie or give misinformation, you may be subject to criminal or civil penalties, or be barred from receiving immigration benefits or relief now or in the future.

Except as I will explain to you,  you are not entitled to a hearing or review.

U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have concern about being removed from the United States or about being sent home, you should tell me so during this interview, because you may not have another chance.  You will have the opportunity to speak privately and confidentially to another officer about your fear or concern.  That officer will determine if you should remain in the United States and not be removed because of that.

Until a decision is reached in your case, you will remain in the custody of the Immigration and Naturalization Service.

Any statement you make may be used against you in this or any subsequent administrative proceeding.

Q. Do you understand your rights as they have been provided to you?

A. Yes.

Q. Do you have any questions?

A. No.

Q. Are you willing to answer my question at this time?

A. Yes.

Page _1_ of _3_          Initials: X A. T. A

Form I-867A (Rev. 4-1-97)    004

**U.S. Department of Justice**

Immigration and Naturalization Service

Continuation Page for Form  I-867

| Alien's Name | File Number: | Date: |
|---|---|---|
| **TORRES-Alvarado, Alejandro** | A78 756 029 | 09/25/00 |

Q. Do you swear or affirm that all statements you are about to make are true and complete?
A. Yes.

Q. What is your true and correct name?
A. Alejandro TORRES-Alvarado.

Q. Have you ever used any other names?
A. Yes, I used Israel RUELAS-Garcia.

Q. Where and when were you born?
A. 13 of January 1981 in Nayarit, Mexico.(19 years old)

Q. Of what country are you a citizen of?
A. Mexico.

Q. Of what country are you parents a citizen of?
A. Mexico.

Q. Do you have any documents to legally enter or reside in the United States?
A. No.

Q. Have you ever applied for any benefits or documents from The Immigration and Naturalization Service?
A. No.

Q. What did you say to the inspector when you tried to cross the border?
A. I said American born.

Q. Where did you claim you were born when you attempted to cross?
A. He didn't asked me that.

Q. Why did you say that?
A. To enter the U.S.

Q. Where were you going in The United States?
A. To El Centro, CA.

Q. Why were you going there?
A. To work.

Q. Have you ever lived in the U.S.?
A. Yes, for about 2 years.

Q. How did you enter the U.S. then?
A. Illegally over the fence in Algodones.

Q. Have you been arrested before by the U.S. Immigration Service?
A. Yes, twice.

Initials: X A T A

| Signature | Name and Title: |
|---|---|
| | Elmer V. Ona,SPECIAL OPERATIONS INSPECTOR |

U.S. Department of Justice
Immigration and Naturalization Service

Jurat No. Record of Sworn Statement in Proceedings
Under Section 235(b)(1) of the Act

Q. Why did you leave your home or country of last residence?

A. To look for work.

Q. Do you have any fear or concern about being returned to your home country or being removed from the United States?

A. No.

Q. Would you be harmed if you are returned to your home country or country of last residence?

A. No.

Q. Do you have any question or is there anything else you would like to add?

A. No.

Initials: X _A.T.A._

I have read (or have had read to me) the foregoing statement, consisting of ___3___ pages (including this page). I state that the answers made herein by me are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my interrogation on the date indicated by the above-named officer of the Immigration and Naturalization Service. I have initialed each page of this statement (and the correction(s) noted on the page(s)_____.

I have read (or have had read to me) my rights in the Spanish language and I understand my rights.

Signature of Alien: X _ALEX TORRES A._
**TORRES-Alvarado, Alejandro**

Subscribed and sworn to before me at: Imperial Valley Port of Entry, Calexico, California 92231
on 09/25/00.

Elmer V. Ona, SPECIAL OPERATIONS INSPECTOR
(Officer, United States Immigration and Naturalization Service)

Witnessed by: _____

006

Form I-867B (Rev. 4-1-97)

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice and Order of Expedited Removal**

## DETERMINATION OF INADMISSIBILITY

File No: **A78 756 029**
Date: 09/25/00

In the Matter of:   **TORRES-Alvarado, Alejandro**

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Immigration and Naturalization Service has determined that you are inadmissible to the United States under section(s) 212(a) ☐(6)(C)(I) ; ☒ (6)(C)(ii) ; ☐ (7)(A)(I)(I) ; ☐ (7)(B)(I)(I) ; and/or ☐ (7)(B)(I)(II) of the Act, as amended, and therefore are subject to removal, in that:

**You are ineligible for admission to the United States because:**

**You falsely represented yourself to be a citizen of the United States for the purpose or benefit under the Immigration and Nationality Act (including Section 274A) or any other Federal or State Law.**

Elmer V. Ona, SPECIAL OPERATIONS INSPECTOR
Name and Title of Immigration Officer (Print)

Signature of Immigration Officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

Elmer V. Ona, SPECIAL OPERATIONS INSPECTOR
Name and Title of Immigration Officer (Print)

Signature of Immigration Officer

M. Freeman. DIAPD
Name and Title of Supervisor (Print)

Signature of Supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty)

---

Certificate of Service

I personally served the original of this notice upon the above named  person on 09/25/00
(Date)

Signature of Immigration Officer

---

Form I-860 (Rev. 04-01-97)

007

**U.S. Department of Justice**

Immigration and Naturalization Service

# Notice to Alien Ordered Removed/Departure Verification

File No: **A78 756 029**

Date: __09/25/00__

Alien's Full Name: **TORRES-Alvarado, Alejandro**

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States:

- ☒ for a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act .

- ☐ for a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed in proceedings under any section of the Act other than section 235(b)(1) or 240, or of your having been ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

- ☐ for a period of 20 years from the date of your departure from the United States as a consequence of your having been found inadmissible and of your having been previously excluded, deported, or removed from the United States.

- ☐ at any time because in addition to having been found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Attorney General to reapply for admission into the United States. You must obtain such permission prior to commencing your travel to the United States. Application forms for requesting such permission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service.

---

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

---

| | | |
|---|---|---|
| (Signature of officer serving warning) | Elmer V. Ona,SPECIAL OPERATIONS INSPECTOR<br>(Title of officer) | Calexico, California<br>(Location of INS office) |

## Verification of Removal
### (Complete this section for file copy only)

| Departure date<br>09-25-00 | Port of departure<br>Calexico, California POE | Manner of departure<br>A Foot |
|---|---|---|
| Signature of verifying officer | | Title of officer<br>Special Operations Inspector |



Photograph of alien removed



Right index
fingerprint
of alien removed



x ALEX TORRES Alvarado

(Signature of alien whose fingerprint and photograph appear above)



(Signature of official taking fingerprint)

008

Form I-296 (6-1-97)N

# Photographs

 

Name of Alien:

TORRES-Alvarado, Alejandro

File Number:

78 756 029

Date Photo Taken:

01/31/2002

Port of Entry:

009

U.S. Department of Justice
Immigration and Naturalization Service

**Record of Sworn Statement In
Proceedings under Section 235(b)(1) of**

| | | | |
|---|---|---|---|
| Office: | Calexico Port of Entry, Calexico, California | File No.: | A 78 756 029 |

Statement by:  TORRES-Alvarado, Alejandro

In the Case of:  TORRES-Alvarado, Alejandro

Date of Birth:  01/13/1981                                                          Gender    M

At:            Calexico Port of Entry, Calexico, California        Date:    01/31/2002

Before         K. Estepa, Immigration Inspector

In the:        Spanish Language     Interpreter : None Used    Employed by: N/A

I am an officer of the United States Immigration and Naturalization Service. I am authorized to administer the Immigration laws and to take sworn statements. I want to take your sworn statement regarding your application for admission to the United States. Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview.

You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This may result in your being denied admission and immediately returned to your home country without a hearing. If a decision is made to refuse your admission into the United States, you may be immediately removed from this country, and if so, you may be barred form reentry for a period of 5 years or longer.

This may be your only opportunity to present information to me and the Immigration and Naturalization Service to make a decision. It is very important that you tell me the truth. If you lie or give misinformation, you may be subject to criminal or civil penalties, or barred from receiving immigration benefits or relief now or in the future.

Except as I will explain to you, you are not entitled to a hearing or review.

U.S. Law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have a concern about being removed from the United States or about being sent home, you should tell me so during this interview because you may not have another chance. You will have the opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear.

Until a decision is reached in your case, you will remain in the custody of the Immigration and Naturalization Service.

Any statement you make may be used against you in this or any subsequent administrative proceeding.

Q.   Do you understand what I have explained to you?
A.   Yes.

Q.   Do you have any questions?
A.   No.

Q.   Are you willing to answer my questions at this time?
A.   Yes.

Q.   Do you swear or affirm that all the statements that you are about to make are the truth, the whole truth, and nothing but the truth, so help you God?
A.   Yes.

A . T . A .

I-867A (4-1-97) IES ELP                                          Page  1  of  4    010 Pages

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form

| Alien Name | File Number | Date |
|---|---|---|
| TORRES-Alvarado, Alejandro | A 78 756 029 | 01/31/2002 |

Q. What is your true and correct name?
A. TORRES-Alvarado, Alejandro.

Q. Have you ever used any other names before?
A. Yes, Saul Figueroa Fierros.

Q. Where were you born?
A. San Juan Abajo, Nayarit, Mexico.

Q. When were you born?
A. December 22, 1981.

Q. Of what country are you a citizen?
A. Mexico.

Q. Do you have or make any legal claim to being a citizen of the United States?
A. No.

Q. Of what country are your parents citizens?
A. Mexico.

Q. Did you make an attempt to enter the United States today?
A. Yes.

Q. Of what country did you declare to be a citizen?
A. United States.

Q. Are you a citizen of the United States?
A. No.

Q. Why did you declare yourself to be a citizen of the United States?
A. I wanted to enter the United States.

Q. Do you have any document issued by a legal authority that permits you to legally enter, reside, or be lawfully employed in the United States ? If so, why did you not present it?
A. No.

Q. Have you ever been arrested by the police in the United States?
A. No.

Q. Have you ever been arrested by the police in any country?
A. No.

Q. Have you ever been arrested by the Immigration and Naturalization Service of the United States? If so, when and for what offense?
A. Yes, last year here (Calexico) I was caught saying I was a United States citizen. I was also caught before crossing in the mountains without documents.

Q. Have you ever been excluded, deported, or removed from the United States by the Immigration and Naturalization Service of the

Signature                                    Title

                                             K. Estepa
                                             Immigration Inspector

Form I-831 Continuation Page (Rev. 6/12/92)        Page 2 of 4 Pages        011

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form

| Alien Name | File Number | Date |
|---|---|---|
| TORRES-Alvarado, Alejandro | A 78 756 029 | 01/31/2002 |

United States?
A.    Yes.

Signature

A.T.A

Title

K. Estepa
Immigration Inspector
Page 3 of 4 Pages

Form I-831 Continuation Page (Rev. 6/12/92)

012

Q.  Why did you leave your home country or country of last residence?
A.     No work.

Q.  Do you have any fear or concern about being returned to your home country or being removed from the United States?
A.  No.

Q.  Would you be harmed if you are returned to your home country or country of last residence?
A.  No.

Q.  Do you have anything else to say?
A.  No.



I have read (or have had read to me) this statement, consisting of _____ pages (including this page).  I state that my answers are true and correct to the best of my knowledge and that this statement is a full, true and correct record of my interrogation on the date indicated by the above-named officer of the Immigration and Naturalization Service.  I have initialed each page of this statement (and the corrections noted on page(s) _____).

Signature:  Alejandro torres Alvarado

Sworn and subscribed to before me at   Calexico Port of Entry, Calexico, California   on   01/31/2002

K. Estepa

Officer, United States Immigration and Naturalization Service

Witnessed by:



U.S. Department of Justice
Immigration and Naturalization Service

**Record of Deportable/Inadmissible Alien**

| Family Name (Capital Letters)   Given Name   Middle Name | | Sex | Hair | Eyes | Complexion |
|---|---|---|---|---|---|
| **TORRES-Alvarado, Alejandro** | | M | Bro | Bro | Medium |

Country of Citizenship          Passport Number and Country of Issue          File Number          Height / Weight / Occupation

**Mexico**                          **78 756 029**          69    171 l    Student

U.S. Address (Residence)  (Number) (Street) (City) (State) (Zip Code)          Scars or Marks

**2326 Hancock St. Lincoln Heights Los Angeles, CA**          acne on neck

Date, Place, Time, and Manner of Entry          Passenger Boarded At          FBI No.          Marital Status

**N/A**                                                                   **Single**

Number, Street, City, Province (State) and Country of Permanent Residence          Method of Location/Apprehension

**Calle 5 De Febrero #47 San Juan Abajo, Nayart, Mexico**          **Pedestrian Primary**

Birth Date          Date of Action          Location Code          (At/Near)          Date/Hour

**01/13/1981**          **01/31/2002**          **SND/CAL**          **CAL**          **1/31/02 09:25 P**

City, Province (State) and Country of birth          By:          R. Trujillo

**San Juan Abajo, Nayarit, Mexico**          ervisory Immigration Inspe

Visa Issued At – Niv No.          Social Security Account Name          Status At Entry          Status When Found

                                                                  **OFC**          **N/A**

Date Visa Issued          Social Security Number          Send C.O. Record Check To:          Length of Time Illegally in U.S.

Immigration Record          Criminal Record

**fins#7186417**          **None Found**

Name, Address, and Nationality of Spouse (Maiden Name, if appropriate)          Number and Nationality of Minor Children

**n/a**                                                                   **n/a**

Father's Name, and Nationality, and Address, if Known          Mother's Present and Maiden Names, Nationality and Address, if Known

**TORRES, Romualdo/Mexican/Mexico**          **ALVARADO, Angelica/Mexican/Mexico**

Monies Due/Property in U.S. Not in Immediate Possession          Fingerprinted          INS Systems Checks          Charge Code Word(s)

☒ None Claimed   ☒ See Form I-143          **Yes**          **NCIC/CIS/IDENT**          **I6C2**

Name and Address of (Last) Current Employer          Type of Employment          Salary          Employed From/To

Narrative (Outline particulars under which alien located/apprehended. Include details, not shown above, re: time, place, manner of last entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.) Alien has been advised of communication privileges pursuant to 8 CFR 242.2(e).

Initial _____ Date _____                    ☑ IDENT Hit    ☐ IBIS Hit

Subject applied for admission into the United States from Mexico via  by declaring to be a citizen of the United States of America. The subject was asked to present proof of citizenship, but was unable to comply.  The inspecting officer suspected that this subject made an oral false claim and referred the subject to INS secondary for further inspection.

In INS secondary, the subject admitted that he was not a citizen of the United States but, in fact, a citizen and national of Mexico.

Subject is inadmissible pursuant to section 212(a)(6)(C)(ii) of the INA and was processed for Expedited Removal under the provision of section 235(b)(1) of the INA.  Forms I-860 and I-296 were executed and served on subject.  A sworn statement was taken and subject expressed no fear of persecution upon being returned to Mexico. Subject's name was queried on NCIC (negative), CIS(negative), and processed in IDENT system with positive results.  Departure to Mexico was verified.

U.S. Funds: $00.00
Foreign Currency: $00.00

Immigration Inspector

Alien has been advised of communication privileges _____ (Date/Initials)          Signature and Title of INS Official

Distribution                              Received (Subject and Documents) (Report of Interview) from:
Original          --File                  Officer:  K. Estepa
Copy              --Stats                 On  01/31/2002  at  10:28 PM
Copy              --                       Disposition:  Expedited Removal 20 yrs
                                          Receiving Officer:  Ralph Trujillo

Form I-213 (Rev. 4-1-97) IES ELP                                        015

U.S. Department of Justice
Immigration and Naturalization Service

**Notice and Order of Expedited Removal**

## DETERMINATION OF INADMISSIBILITY

File No: **A 78 756 029**

Date:    **01/31/2002**

In the Matter of:    **TORRES-Alvarado, Alejandro**

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Immigration and Naturalization Service has determined that you are inadmissible to the United States under Section(s) 212(a) ☐ (6)(C)(i) ☑ (6)(C)(ii) ☐ (7)(A)(i)(I) ☐ 7(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of of the Act, as amended, and therefore are subject to removal, in that:

You are ineligible for admission to the United States because, you falsely represented yourself to be a citizen of the United States for a purpose or benefit under the Immigration and Nationality Act (including section 274A) or any other Federal or State law, to wit:
On January 31, 2002, you applied for admission into the United States from Mexico at the  and falsely represented yourself as a citizen of the United States for the purpose of gaining entry. You made an oral declaration to being a citizen of the United States when in truth, and in fact, you are a citizen of Mexico

K. Estepa
Immigration Inspector
Name and Title of Immigration Officer (Print)

Signature of Immigration Officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

K. Estepa
Immigration Inspector
Name and Title of Immigration Officer (Print)

Signature of Immigration Officer

BENNY Gradillas
Acting    Assistant Area Port Director
Name and Title of Supervisory Officer (Print)

Signature of Supervisory Officer

☒ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

## CERTIFICATE OF SERVICE

I personally served the original of this Notice upon the above-named person on:

01/31/2002
(Date)

Signature of Immigration Inspector

016

Form I-860 (Rev. 4-1-97) IES ELP

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Alien Ordered Removed/Departure Verified**

File No   **A 78 756 029**

Date:     **1/31/2002**

Alien's Full Name: **TORRES-Alvarado, Alejandro**

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States:

☐   for a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

☐   for a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed in proceedings under any section of the Act other than section 235(b)(1) or 240, or of your having been ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

☑   for a period of 20 years from the date of your departure from the United States as a consequence of your having been found inadmissible and of your having been previously excluded, deported, or removed from the United States.

☐   at any time because in addition to having been found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Attorney General to reapply for admission into the United States. You must obtain such permission prior to commencing your travel to the United States. Application forms for requesting such permission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service.

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violated this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

Signature of Officer Serving Warning

**Immigration Inspector**
Title of Officer

**Calexico Port of Entry, Calexico, California**
Location of INS Office

**Verification of Removal**
(Complete this section for file copy only)

Departure Date
**01/31/2002**
Signature of Verifying Officer

Port of Departure
**Calexico Port of Entry, Calexico, California**
Title of Officer

Manner of Departure
**Land-a-foot**

**Immigration Inspector**



Photograph of alien removed

Right index finger of alien removed

ALeJandro torres Alvarado
Alejandro torres Alvarado
(Signature of alien whose fingerprint and photograph appear above)

(Signature of official taking fingerprint)

Form I-296 (Rev 6-1-97)N   IFARAP

U.S. Department of Justice

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS)              First              Middle | | | Sex M | Hair BLK | Eyes BRO | Cmplxn MED |
|---|---|---|---|---|---|---|

TORRES-Alvarado, Alejandro

| Country of Citizenship | Passport Number and Country of Issue | | Height 69 | Weight 193 | Occupation LABORER |
|---|---|---|---|---|---|

MEXICO

Case No: CAX0310001365
File Number A078 756 029

U.S. Address
320 BLOOM ST. APT#416
LOS ANGELES, CALIFORNIA 90013

Scars and Marks

Date, Place, Time, and Manner of Last Entry
08/27/2002, 0100, 12.75 mile(s) W of CAL, PWA(AF00T)

Passenger Boarded at

F.B.I. Number
53453WB7

☒ Single
☐ Divorced  ☐ Married
☐ Widower  ☐ Separated

Number, Street, City, Province (State) and Country of Permanent Residence

Method of Location/Apprehension
PB 518.3

| Date of Birth 01/13/1981      Age: 21 | Date of Action 10/29/2002 | Location Code ELC/CAX | At/Near Calexico, CA | Date/Hour 10/29/2002  0120 |
|---|---|---|---|---|

City, Province (State) and Country of Birth
NAYARIT, MEXICO

AR ☒

Form: (Type and No.)   Lifted ☐   Not Lifted ☐

By
ANNETTE CASTANEDA

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry PWA Mexico | Status When Found TRAVEL/SEEKING |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. 1 MONTH TO 1 YEAR |
|---|---|---|

Immigration Record
POSITIVE - See Narrative

Criminal Record
None known

Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate)

Number and Nationality of Minor Children

Father's Name, Nationality, and Address, if Known  Nationality: MEXICO
, Romoldo

Mother's Present and Maiden Names, Nationality, and Address, if Known
Alma
Nationality: MEXICO

Monies Due/Property in U.S. Not in Immediate Possession

Fingerprinted?  Yes ☒  No ☐

INS Systems Checks
See Narrative

Charge Code Word(s)
I6A

Name and Address of (Last)/(Current) U.S. Employer

Type of Employment

Salary   Hr.

Employed from/to
/  /          /  /

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FUNDS IN POSSESSION
222.00      MEXICO - New Peso
26.74       US - Dollar

INS SYSTEMS CHECKS
Automated Fingerprint Identification System Positive
Central Index System Positive
Deportable Alien Control System Positive
Integrated Automated Fingerprint Identification System Positive
Interagency Border Inspection System Positive
National Automated Immigration Lookout System Positive
National Crime Information Center Positive

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by CASTANEDA

On today's date, Senior Patrol Agent (SPA) Justin Smoldt was performing line watch operations in the east desert area of Calexico, California. While listening to Yuma, Arizona Border Patrol radio frequency SPA Smoldt heard that they had observed several suspected undocumented aliens enter two vehicles. Yuma Border Patrol agents were following two vehicles westbound on Interstate 8. One of the vehicles was a black Ford

Alien has been advised of _____ eges. 10/__/__ (Date/Initials)

ANNETTE CASTANEDA
BORDER PATROL AGENT

(Signature and Title of INS Official)

Distribution:
TO FILE
ELC
CAX

Received: (Subject and Documents) (Report of Interview)

Officer: ANNETTE CASTANEDA

on: October 29,   2002   at   0413   (time)

Disposition:  Warrant of Arrest/Notice to Appear

Examining Officer: TRAVIS DARLING

018

Form I-213(Rev.4/1/97)Y

| Alien's Name | File Number<br>Case no: CAX0310001365<br>A078 756 029 | Date<br>10/29/2002 |
|---|---|---|

**SMUGGLED ALIEN**
NAME **Saul VARGAS-GUZMAN**        A# _____   D/POB   08/04/1970 PUEBLA,PUEBLA, MEXICO
ALIAS _____   RACE ___ SEX **M** HT **62** WT **125** EYES **BRO** HAIR **BLK**
ADDRESS (US) **CLAIMS NONE**   FOREIGN **VICENTE GUERRERO #26**
                         **PUEBLA, PUEBLA, MEXICO**
IMM STAT   **Inadmissable Alien**      SS# _____

**SMUGGLED ALIEN**
NAME **Fernando PEREZ-HERNANDEZ**   A# _____   D/POB   03/03/1962 TUXLA,CHIAPAS, MEXICO
ALIAS _____   RACE ___ SEX **M** HT **62** WT **125** EYES **BRO** HAIR **BLK**
ADDRESS (US) **CLAIMS NONE**   FOREIGN **EJIDIO SILVACA**
                         **OCOSIGNO, CHIAPAS, MEXICO**
IMM STAT   **Inadmissable Alien**      SS# _____

**SMUGGLED ALIEN**
NAME **Carlos Alberto OSORIO-LOPEZ**   A# **079 796 433**   D/POB **12/21/1981 MEXICO**
ALIAS _____   RACE ___ SEX **M** HT **64** WT **130** EYES **BRO** HAIR **BLK**
ADDRESS (US) **SERVICE PROCESSING CENTER, INS**   FOREIGN _____
**EL CENTRO, CALIFORNIA 92243**
IMM STAT   **Inadmissable Alien**      SS# _____

On today's date, Senior Patrol Agent (SPA) Justin Smoldt was performing line watch
operations in the east desert area of Calexico, California. While listening to Yuma,
Arizona Border Patrol radio frequency SPA Smoldt heard that they had observed several
suspected undocumented aliens enter two vehicles. Yuma Border Patrol agents were
following two vehicles westbound on Interstate 8. One of the vehicles was a black Ford
Thunderbird with Baja California, Mexico license plates. The vehicle was under continual
observation by Yuma Border Patrol Agents. SPA Smolt relayed this information on Calexico,
California Border Patrol radio frequency. He also stated that the black Ford Thunderbird
was passing a location known to Calexico Border Patrol Agents as "Swingles Hill." I, SPA
Annette Castaneda was also assigned to work line watch operations in the east desert area
of Calexico, California. I was stationary about a mile west of that location at a
location known to Calexico Border Patrol Agents as "Schneider's Bridge." I got on
Interstate 8 and behind the vehicle. At about 1:15 AM I called sector radio to let them
know I was attempting to stop the vehicle. I activated my emergency lights and siren. The
vehicle failed to yield and I notified sector radio of that. Supervisory Border Patrol
Agent (SBPA) Travis Darling, having heard all radio traffic was near the "Brock's
Research" overpass with a control tire deflation device. I notified SBPA Darling of the
vehicle location. At about 1:16 AM SBPA Darling deployed the control tire deflation
device and was successful. At about 1:17 AM the vehicle yielded about a mile west of
Brock's Research exit of Interstate 8. I identified myself as a Border Patrol Agent and
instructed the driver to exit the vehicle. The driver, later identified as Alejandro
TORRES-Alvarado, followed my instructions and was arrested at about 1:20 AM. This
location is approximately 25 miles east of the Calexico, California Port of Entry and
approximately one mile north of the International Boundary Line.

| Signature<br>**ANNETTE CASTANEDA**   *(signature)* | Title<br>**BORDER PATROL AGENT** |
|---|---|

Form I-831 Continuation Page (Rev. 6/12/92)

| Alien's Name | File Number<br>Case no: CAX0310001365<br>A078 756 029 | Date<br>10/29/2002 |
|---|---|---|

The vehicle had five other occupants. SPA Luis Higareda identified himself as a Border Patrol Agent and questioned everyone in the vehicle as to their right to be in or remain in the United States legally. They all stated they were undocumented Mexican nationals with no right to work or reside in the United States legally. All subjects were transported to the Calexico Border Patrol station for further processing.

At the station all subjects were advised of their administrative rights under 8 CFR 287.3 and given a copy of Immigration form I-826 and a list of legal services. At about 2:00 AM, SPA Higareda read Alejandro TORRES-Alvarado his Miranda Rights. SPA Castaneda witnessed this. TORRES stated he understood his rights and was willing to answer questions. TORRES was also notified of his Consular communication privileges.

TORRES stated he was a United States Citizen and that his name was Saul FIGUEROA-Fierros and was in possession of his cousins birth certificate bearing the name of FIGUEROA-Fierros, Saul (DOB 12/22/84). The document is being inserted with his "A" file. He stated he was born December 22, 1984. During processing through the Immigration and Naturalization IDENT computer system it was revealed that he had falsely claimed to be a United States Citizen and had two expedited removals. Record checks via sector radio and AFIS confirmed that TORRES had been apprehended a total of twelve times. It also showed his his name was Alejandro TORRES-Alvarado with a date of birth of January 13, 1981, and an "A" number of A78 756 029. There were several other names and date's of birth, all showing he was an adult.

TORRES gave SPA Fabian Morales a phone number (323-441-1087). TORRES stated it was his aunt's number. SPA Morales spoke with a lady who identified herself as Cecilia, TORRES' aunt. She also stated that he was born in 1980 in Nayarit, Mexico and that his name was Saul FIERROS-Encarnacion.

TORRES spoke with Special Agent Paul Lewenthal and stated his real name was Saul FIERROS-Encarnacion and his real date of birth was December 22, 1980. He then stated he met a woman named Betty Garcia. Garcia asked TORRES to help her pick-up illegal aliens in Yuma, Arizona. TORRES agreed to help her. Garcia gave TORRES a vehicle and they drove to Yuma. TORRES was following Garcia when he stopped and picked up five illegal aliens near a checkpoint in Arizona. TORRES stated Garcia told him not to stop because he would go to jail. TORRES did not stop until a controlled tire deflation device was deployed. For further information refer to sworn statement taken by Special Agent on TORRES.

WITNESS STATEMENTS:
Carlos Alberto OSARTO-Lopez stated he made arrangements with a man in Mexicali, Baja California, Mexico. His father's friend was to send the smuggler $1,300.00. He stated he intended to go to Los Angeles. They were guided through the desert into the United States by a guide and were picked up by a car that was waiting for him and the other four passengers. At the station he was shown a photo line-up of six individuals. He pointed out Alejandro TORRES-Alvarado as the driver of the black Thunderbird.

Ricardo CARILLO-Padilla stated he made arrangements with a person at a bus station to be

| Signature<br>ANNETTE CASTANEDA | Title<br>BORDER PATROL AGENT |
|---|---|

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form   G-166F

| Alien's Name | File Number | Date |
|---|---|---|
| | Case no: CAX0310001365<br>A078 756 029 | 10/29/2002 |

smuggled into the United States. He intended to go to Oregon and was to pay the person who dropped them off in Oregon $1,300.00. He stated his friend named Jose guided him into the United States. He also stated he and the other four passengers entered the vehicle they were apprehended in. At the station he was shown a photo line-up of six individuals. He pointed out Alejandro TORRES-Alvarado as the driver of the black Thunderbird.

IMMIGRATION HISTORY:
09/28/00 Expedited Removal via Calexcio Port of Entry
01/31/02 Expedited Removal via San Diego Port of Entry

FINS Numbers: 7186417 (5 hits), 7371018 (5 hits), 10863119 (1 hit), 11173685 (1 hit).

Vehicle Information:
Registered owner: Jose Salas, 9817 S. San Pedro St, Los Angeles, CA.

Prosecution approved by SBPA Darling.

TORRES is being held at Imperial County Jail pending 8 USC 1324 charges.

| Signature | Title |
|---|---|
| ANNETTE CASTANEDA | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice

Immigration and Naturalization Service

Case No. e34116001365

**MEMORANDUM OF INVESTIGATION**

| File Number | Title: | Control Office |
|---|---|---|
| | Primary Subject: TORRES-Alvarado, Alejandro | YUM/YUS |

**Narrative Title:** Memorandum of Investigation

**ADDENDUM:**

On October 29, 2002, while performing Border Patrol duties in the Andrade area of operations, I detected the illegal entry of about 15-20 subjects about a 1/2-mile west of POE Andrade, CA. Since we have been losing alien loads that originate in this area, I went to Sidewinder Rd and Interstate 8 to watch the group load up. At about 0200 hrs, I observed a group of about 12 people run north across the Interstate and lay down along the side of the highway, next to the westbound lanes. Shortly thereafter two vehicles, a black Ford Thunderbird and a White Chevy Lumina stopped right by the group of people laying down on the side of the interstate. Both vehicles started honking and I could clearly hear both drivers yelling out to the people on the side of the interstate to hurry up and get in the cars. The lead vehicle, the black Thunderbird with Mexican plates, was the first one to load up with 5 subjects and drive westbound. I radioed other Agents in the area and informed them of my observations. I watched the vehicle until other Agents caught up to it on the interstate and attempted to stop it.

Calexico Border Patrol Agents eventually stopped the vehicle. I stopped to verify the foot sign of the five illegal aliens apprehended in the black Thunderbird and it matched to the sign I originally detected west of POE Andrade entering illegally.

//END NARRATIVE//

| Investigator | | Date |
|---|---|---|
| ANGEL BELEN | BORDER PATROL AGENT | November 1, 2002 |

Form G-166C (7-1-83)

Page 1 of 1

022

U.S. Department of Justice
Immigration and Naturalization service

Continuation Page for Form ___

| Alien's Name | File Number | Date |
|---|---|---|
| TORRES-Alvarado, Alejandro | A78 756 029 | October 29, 2002 |

**Sworn statement given by principal Alejandro TORRES-Alvarado, A78 756 029 and taken by Special Agent Paul Lewenthal at the Calexico, CA Border Patrol station on October 29, 2002.**

**TORRES claims that his true and correct name is Saul FIERRO Encarnacion but will be referred to as TORRES in this statement.**

TORRES told me he is a citizen and national of Mexico being born on 12/22/80 in San Juan De Abajo, Nayarit, Mexico. TORRES told me he has never possessed legal immigration documents to be in the United States.

TORRES told me that he has been living in Los Angeles, CA. TORRES told me that he met a woman named Betty Garcia. TORRES told me that Garcia asked him for help in picking up illegal aliens in Yuma, AZ. TORRES told me he agreed to help Garcia and that Garcia told him that she would take care of him later. TORRES told me that he also helped because he wanted to date Garcia. TORRES told me that he knew that the people he was going to pick up were illegal aliens.

TORRES told me that Garcia gave him a car and told him to follow her. Garcia told TORRES that she would signal him where to stop. TORRES told me that Garcia also told him to turn his lights off and on when they stopped and that some people would run to the car. TORRES told me he did as he was told and that 4 or 5 people ran to him and got in the car he was driving. TORRES told me that he was going to drive the aliens to a gas station and that Garcia was going to take them to Los Angeles.

TORRES told me that while he was driving he called Garcia on her cellular telephone and told her that the police was following him. TORRES told me that Garcia told him that it was Border Patrol following him and not to stop because he would go to jail. He told me that he continued driving until an agent threw a "hand full of nails" at the car he was driving and it got a flat tire.

TORRES also maintained he was a United States citizen for long hours until he recanted and told me he was a citizen and national of Mexico. TORRES told me that the California birth certificate he had in his possession was his cousins who was in Mexico and that the California Driver's License he had was obtained fraudulently with the borrowed birth certificate.

| Signature | Title |
|---|---|
| Paul Lewenthal | Special Agent |

023

Form I-831 Continuation Page (Rev.6/12/92)                     Page ___ of ___ Pages



# CALIFORNIA

COUNTY OF LOS ANGELES REGISTRAR-RECORDER/COUNTY CLERK
CERTIFIED ABSTRACT OF BIRTH

NAME: SAUL FIGUEROA FIERROS

DATE OF BIRTH: DECEMBER 22, 1984

COUNTY OF BIRTH: LOS ANGELES

BIRTH NAME OF MOTHER: ALMA R. FIERROS

NAME OF FATHER: ROMUALDO FIGUEROA

DATE FILED: DECEMBER 22, 1984

DATE LAST AMENDED: DECEMBER 20, 1995

DATE ISSUED: FEBRUARY 12, 2002

LOCAL REGISTRATION NUMBER: 0144095

SEX: MALE

This certified document is a true
abstract of the official record
filed with the Registrar-Recorder.

CONNY B. McCORMACK
REGISTRAR-RECORDER/COUNTY CLERK

19-310393





024

-U.S. Department of Justice
Immigration and Naturalization Service

**Immigration Detainer - Notice of Action**

## RELEASE to U.S. Border Patrol Custody

| | |
|---|---|
| File No. | **A78 756 029** |
| Date: | **10/29/02** |

| To: (Name and title of institution) | From: (INS Office address) |
|---|---|
| SHERIFF                 WARDEN<br>Imperial County Sheriff    or    MCC<br>El Centro, California         San Diego, California | U.S. Border Patrol<br>1111 N. Imperial Avenue<br>El Centro, California 92243 |

Name of alien:  **TORRES-Alvarado, Alejandro**

Date of birth:  **01/13/81**          Nationality          Mexico          Sex:  **M**

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service Concerning the above-named in mate of your institution:**

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on
_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____.
(Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling _____ during business hours or after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.    ☐ A self-addressed stamped envelope is enclosed for your convenience.    ☐ Please return a signed copy via facsimile to _____
(Area code and facsimile number)

☐ Return fax to the attention of _____ at _____
(Name of INS officer handling case)         (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmates death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on_____.

_Stephen J. Prendergast_                              Senior Patrol Agent
(Signature of INS official)                           (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction:_____   Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____                Form I-247 (Rev. 0-25 )N

**FILED**

OCT 3 0 2002

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       )   Mag. Case No. '02 mg 8923
                                )
        Plaintiff,              )   COMPLAINT FOR VIOLATION OF:
                                )
    vs.                         )   Title 8, U.S.C., Section 1324
                                )   (a)(1)(A)(ii) -
Alejandro TORRES-Alvarado,      )   Illegal Transportation of
                                )   Alien(s)
        Defendant.              )

The undersigned complainant, being duly sworn, states:

On or about October 29, 2002, within the Southern District of California, defendant Alejandro TORRES-Alvarado, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Ricardo CARRILLO-Padilla and Carlos Alberto OSORIO-Lopez, had come to, entered and remained in the United States in violation of law, did transport and move, and attempt to transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

                                    _____
                                    STEPHEN J. PRENDERGAST
                                    SENIOR BORDER PATROL AGENT

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 30th DAY OF OCTOBER 2002.

                                    ROGER T. BENITEZ
                                    _____
                                    ROGER T. BENITEZ
                                    UNITED STATES MAGISTRATE JUDGE

Page 1

026

1  UNITED STATES OF AMERICA
                    VS.

2

   Alejandro TORRES-Alvarado A78 756 029

3

4                          STATEMENT OF FACTS

5        The complainant states that this complaint is based upon

6  statements in the investigative reports by the apprehending officer,

7  Border Patrol Agent Annette Castaneda that on October 29, 2002, the

8  defendant, a native and citizen of Mexico was apprehended near

9  Calexico, California, as the driver of a black 1993 Ford Thunderbird

10 bearing California license, 3CJB044, as he attempted to smuggle (5)

11 five undocumented aliens from Mexico to Los Angeles, California in

12 violation of law.

13       On October 29, 2002, agents from the Calexico Border Patrol

14 Station were performing routine patrol duties in the desert east of

15 Calexico, California when they were informed by Yuma Border Patrol

16 Agents of two vehicles that had just picked up a group of suspected

17 illegal aliens.  The Yuma Border Patrol Agents were following both

18 vehicles on Interstate 8 towards the Calexico area of responsibility.

19 Agent Castaneda spotted one of the vehicles, a black Ford

20 Thunderbird, and she began to follow it.  At approximately 1:15 A.M.,

21 she attempted to conduct a traffic stop on the vehicle to conduct an

22 immigration check of its occupants.  The vehicle failed to yield.

23 Agent Darling was positioned further west of Agent Castaneda and was

24 able to successfully deploy a controlled tire deflation device in

25 order to prevent a possible high-risk pursuit.  The vehicle then came

26 to a stop.

27       Agent Castaneda approached the vehicle and identified herself

28 as a United States Border Patrol Agent.  The driver, later identified

as Alejandro TORRES-Alvarado first stated that he was a United States citizen but later admitted to being a citizen of Mexico. Five people were found in the back of the Thunderbird. All five people were determined to be citizens of Mexico and illegally in the United States. TORRES and the five illegal smuggled aliens were then placed under arrest and transported to the Calexico Border Patrol Station for processing.

Agent Higareda advised TORRES of his Miranda Rights. Agent Castaneda witnessed this. TORRES stated that he understood his rights and was willing to answer questions without an attorney being present. TORRES stated to Special Agent Lewenthal that he met a woman named Betty Garcia in Los Angeles who asked him for help in picking up some illegal aliens. He stated that Garcia said she would take care of him later and that he was hoping on dating Garcia. Garcia gave him a car and told him to follow her. He followed her to the pickup spot and the illegal aliens got into his car. He was going to follow Garcia to a gas station where she would take over control of the illegal aliens. He stated that when the Border Patrol was following him, he called Garcia and she told him not to stop or he would go to jail.

Material Witness Ricardo CARRILLO-Padilla stated that he is a citizen of Mexico and illegally in the United States. He made smuggling arrangements with an unknown man at a bus station to be taken to Oregon for $1,300. He was then guided into the United States and picked up in the Thunderbird. He was shown a six-picture photo lineup and identified the driver of the Thunderbird as Alejandro TORRES-Alvarado.

Material Witness Carlos Alberto OSORIO-Lopez stated that he is

028

a citizen of Mexico and illegally in the United States.  His father's friend had made smuggling arrangements with an unknown man in Mexicali for him to be taken to Los Angeles for $1,300.  He was then guided into the United States and picked up in the Thunderbird.  He was shown a six-picture photo lineup and identified the driver of the Thunderbird as Alejandro TORRES-Alvarado.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | DATE OF BIRTH | PLACE OF BIRTH |
|------|---------------|----------------|
| Ricardo CARRILLO-Padilla | 6/24/59 | Mexico |
| Carlos Alberto OSORIO-Lopez | 12/12/81 | Mexico |

Further, complainant states that he believes that said aliens are citizens of a country other than the United States; that said aliens have admitted that they are deportable as defined in Title 8, United States Code, Section 1251; that it is impracticable to secure their attendance at the trial thereof by subpoena; and that they are material witnesses in relation to this charge and should be held or admitted to bail as prescribed in Title 8, United States Code, Section 1227 (d).

FILED

MAR - 3 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Ū AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| T/N: SAUL FIGUEROA FIRROS (1) | Case Number: 02CR2989-J |
| Charged as: Alejandro Torres-Alvarado, Aka: Saul Figueroa-Fierros | ANTHONY COLOMBO |
| | Defendant's Attorney |

**REGISTRATION NO.**

☐

**THE DEFENDANT:**

☒ pleaded guilty to count(s)     ONE OF THE INDICTMENT

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 8 USC 1324(a)(1)(A)(ii) | TRANSPORTATION OF ILLEGAL ALIENS FOR FINANCIAL GAIN | 1 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   REMAINING _____   is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment : $ 100.00

☒ Fine ordered waived.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

MARCH 3, 2003
Date of Imposition of Sentence

HON. NAPOLEON A. JONES, JR.
UNITED STATES DISTRICT JUDGE

I hereby attest and certify on 3·10·03
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy

Entered Date: 3-5-3

02CR2989-J

25

030

AO 245B    (Rev. 9/00) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: T/N: SAUL FIGUEROA FIRROS (1)
CASE NUMBER: 02CR2989-J

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

10 MONTHS

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

02CR2989-J

031

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page  3  of  4

DEFENDANT: T/N: SAUL FIGUEROA FIRROS (1)
CASE NUMBER: 02CR2989-J

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 YEARS

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

02CR2989-J

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Continued 2 — Supervised Release

Judgment—Page ___4___ of ___4___

DEFENDANT: T/N: SAUL FIGUEROA FIRROS (J)
CASE NUMBER: 02CR2989-J

## SPECIAL CONDITIONS OF SUPERVISION

[x] Not possess any firearm, explosive device or other dangerous weapon.

[x] Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

[ ] The defendant shall violate no laws, federal, state and local, minor traffic excepted.

[x] If deported, excluded, or allowed to voluntarily return to Mexico, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[ ] Not enter the Republic of Mexico without written permission of the Court or probation officer.

[x] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Participate in a program of drug or alcohol abuse treatment including urinalysis testing and counseling as directed by the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Defendant shall sign any releases necessary to permit doctor to talk to probation officer.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[ ] Participate in a mental health treatment program as directed by the probation office.

[ ] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[ ] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within _____ days.

[ ] Complete _____ hours of community service in a program approved by the probation officer within

[ ] Reside in a Community Corrections Center (CCC) as directed by the probation officer for a period of

[ ] Reside in a Community Corrections Center (CCC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

[ ] Remain in your place of residence for a period of _____, except while working at verifiable employment, attending religious services or undergoing medical treatment.

[ ] Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

[ ] The defendant shall participate for a period of _____ in a home detention program which includes electronic monitoring and shall observe all rules of such program, as directed by the probation officer. The defendant shall pay the costs of electronic monitoring to the contract vendor, not to exceed the sum of $_____ for each day of participation in the electronic monitoring program. The defendant shall provide proof of payment as directed by the probation officer.

02CR2989-J

# TCI INMATE REQUEST TO STAFF

NAME: Saul Figueroa Fierros          REG #_____          DATE: 8-4-03

Work Assignment: Compound _____          Unit / Bed: A2A

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

TO: INS office _____
                    (Name and Title of Officer)

SUBJECT: State completely but briefly the problem on which you desire assistance and what you think should be done. (Give details)

Please read this information for I am an American Citizen and request that this detainer be removed Asap. thank you I only have 30 days left and wish not to be taken to the detention center when I am not an illegal alien. . I wait your response please do so in a timely manner. . prior to my release date.

DISPOSITION: (Do not write in this space)          DATE: _____

Officer: _____







# STATE OF CALIFORNIA
### DEPARTMENT OF HEALTH SERVICES

## AFFIDAVIT TO AMEND A RECORD

| 104—84—442123 | ☒ BIRTH ☐ DEATH ☐ FETAL DEATH | 0190-144095 |
|---|---|---|
| STATE FILE NUMBER | NO ERASURES, WHITEOUTS, OR ALTERATIONS | LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER |

| STATE/LOCAL REGISTRAR USE ONLY | 1A. | 1B. | 1C. |
|---|---|---|---|

### PART I   INFORMATION TO LOCATE RECORD—TYPE OR PRINT IN BLACK INK ONLY

| NAME AS IT APPEARS ON RECORD | 1A. NAME—FIRST (GIVEN) | 1B. MIDDLE | 1C. LAST (FAMILY) Figueroa Fierros |
|---|---|---|---|
| ADDITIONAL INFORMATION TO LOCATE RECORD | 2. SEX Male | 3. DATE OF EVENT—MONTH, DAY, YEAR 12/22/1984 | 4A. CITY OF OCCURRENCE Los Angeles | 4B. COUNTY OF OCCURRENCE Los Angeles |
| | 5. FATHER'S NAME AS STATED ON ORIGINAL Romualdo Figueroa | | 6. MOTHER'S NAME AS STATED ON ORIGINAL Alma Rosalia Fierros | |

### PART II   STATEMENT OF CORRECTIONS   NO ERASURES, WHITEOUTS, OR ALTERATIONS

| 7. CERTIFICATE ITEM NUMBER | 8A. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8B. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 1A | | Saul |
| | | |
| | | |
| | | |
| | | |
| | | |

**LIST ONE ITEM PER LINE**

| REASON FOR CORRECTION | 9. To add the child's first name. |
|---|---|

**AFFIDAVITS AND SIGNATURES**

We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

**TWO PERSONS MUST SIGN THIS FORM**

| 10A. SIGNATURE OF FIRST PERSON ► Alma Rosalia Fierros E. | 10B. TITLE/RELATIONSHIP TO PERSON IN PART I Mother | 10C. DATE SIGNED 12/11/95 |
|---|---|---|
| 10D. AGE 29 | 10E. ADDRESS (STREET, CITY, STATE, ZIP) 320 E Bloom st L A CAL 90012 | |

**USE BLACK INK ONLY**

| 11A. SIGNATURE OF SECOND PERSON ► Martha Baca | 11B. TITLE/RELATIONSHIP TO PERSON IN PART I Friend | 11C. DATE SIGNED 12/11/95 |
|---|---|---|
| 11D. AGE 30 | 11E. ADDRESS (STREET, CITY, STATE, ZIP) 290½ E AVE 47 LOS ANGELES CAL 90031 | |

**STATE/LOCAL REGISTRAR USE ONLY**

| 12. SIGNATURE OF STATE OR LOCAL REGISTRAR OFFICE OF STATE REGISTRAR ► OF VITAL STATISTICS | 13. DATE ACCEPTED FOR REGISTRATION DEC 20 1995 |
|---|---|

STATE OF CALIFORNIA, DEPARTMENT OF HEALTH SERVICES, OFFICE OF STATE REGISTRAR

VS 24 (REV. 6/91)
91  60935

034786

This is to certify that this document is a true copy of the official record filed with the Office of Vital Records and Statistics.

S. Kimberly Belshe, Director and State Registrar of Vital Records and Statistics by:

GEORGE B. (PETER) ABBOTT, JR., M.D., M.P.H., CHIEF
OFFICE OF VITAL RECORDS AND STATISTICS   DATE ISSUED   DEC 2 6 1995

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.





ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# STATE OF CALIFORNIA
## DEPARTMENT OF HEALTH SERVICES



104 - 84-442123
STATE BIRTH CERTIFICATE NUMBER

CERTIFICATE OF LIVE BIRTH
STATE OF CALIFORNIA

0190-144095
LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER

| | | | |
|---|---|---|---|
| THIS CHILD | 1A. NAME OF CHILD—FIRST | 1B. MIDDLE | 1C. LAST FIGUEROA FIERROS |
| | 2. SEX MALE | 3A. THIS BIRTH, SINGLE, TWIN, ETC. SINGLE | 3B. IF MULTIPLE THIS CHILD 1ST, 2ND, ETC. | 4A. DATE OF BIRTH—MONTH, DAY, YEAR DECEMBER 22, 1984 | 4B. HOUR—(24 HOUR CLOCK TIME) 0839 |
| PLACE OF BIRTH | 5A. PLACE OF BIRTH—NAME OF HOSPITAL OR FACILITY LAC-USC MEDICAL CENTER | 5B. STREET ADDRESS (STREET, NUMBER, OR LOCATION) 1200 NORTH STATE STREET |
| | 5C. CITY OR TOWN LOS ANGELES | AMENDED | 5D. COUNTY LOS ANGELES |
| FATHER OF CHILD | 6A. NAME OF FATHER—FIRST ROMUALDO | 6B. MIDDLE | 6C. LAST FIGUEROA | 7. STATE OF BIRTH MX | 8. AGE OF FATHER 28 |
| MOTHER OF CHILD | 9A. NAME OF MOTHER—FIRST ALMA | 9B. MIDDLE ROSALIA | 9C. LAST FIERROS | 10. STATE OF BIRTH MX | 11. AGE OF MOTHER 19 |
| PARENT'S CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND, THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. | 12A. PARENT OR OTHER INFORMANT—SIGNATURE Alma Rosalia Fierros F | 12B. RELATIONSHIP TO CHILD MOTHER | 12C. DATE SIGNED 12/23/84 |
| ATTENDANT'S CERTIFICATION | I CERTIFY THAT I ATTENDED THIS BIRTH AND THAT THE CHILD WAS BORN ALIVE AT THE HOUR, DATE AND PLACE STATED | 13A. PHYSICIAN OR OTHER ATTENDANT—SIGNATURE/DEGREE OR TITLE Cindy McClain CNM | 13B. LICENSE NUMBER 803 | 13C. DATE SIGNED 12/23/84 |
| | 14. REQUEST OMISSION FROM SOLICITATION LISTS | 13D. TYPED NAME AND ADDRESS CINDY MC CLAIN, CNM 1200 N. STATE ST., LOS ANGELES | | |
| LOCAL REGISTRAR | 15. DEATH—ENTER DATE OF DEATH | 16. LOCAL REGISTRAR—SIGNATURE Richard Mast | 17. DATE ACCEPTED FOR REGISTRATION FEB 1 1985 |

034740

This is to certify that this document is a true copy of the official record filed with the Office of Vital Records and Statistics.

S. Kimberly Belshe, Director and State Registrar of Vital Records and Statistics
by:
Peter Abbott

GEORGE B. (PETER) ABBOTT, JR., M.D., M.P.H., CHIEF
OFFICE OF VITAL RECORDS AND STATISTICS

DATE ISSUED
DEC 2 6 1995

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

MIDWEST BANK NOTE COMPANY          ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE






# UNITED STATES DEPARTMENT OF JUSTICE
## IMMIGRATION AND NATURALIZATON SERVICE
## RECORD OF SWORN STATEMENT

Office: Bakersfield Investigations _____ A-file Number: _____

Before: Jaime E. Maldonado I/A

Statement by: _Figueroa Fierros Saul_ _____

Language: English (Spanish) Other: _____

CDC Number: _____
Date: _August 20, 2003_
In the case of: Self
Interpreter: Not used

I, _____, have a clear understanding that the officer before me has identified himself as an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States.

*Yo, _Figueroa Fierros Saul_ tengo un claro conocimiento de que el oficial ante mi se me ha identificado a mi como un oficial del Servicio de Inmigracion y Naturalizacion de los Estados Unidos autorizado por ley para administrar juramentos y tomar testimonios con relacion la ejecucion de las leys de inmigracion y nacionalidad de los Estados Unidos.*

**I desire to take a statement regarding** (*Deseo tomar una declaracion tocante*):
1. Your name (*Su nombre*)
2. Your country of birth (*Su pais de nacimiento*)
3. Your parents name (*Los nombres sus padres*)
4. Your parents country of birth (*El pais de nacimiento de sus padres*)
5. Your criminal record (*Su archivo criminal*)
6. Your immigration record (*Su archivo de inmigracion*)

**Before we ask you any questions you must understand your rights.**
*Antes de que le hagamos cualquier pregunta, usted debe de comprender sus derechos.*

• You have the right to remain silent.
*Usted tiene el derecho de guardar silencio.*

• Anything you say can be used against you in a court, or in any immigration or administrative proceeding.
*Cualquier cosa que usted diga puede ser usada en su contra en un juzgado de leys o en cualquier procedimiento adminstrativo o de inmigracion.*

• You have the right to talk to a lawyer for advice before we ask you any question and to have him with you during questioning.
*Usted tiene el derecho de hablar con un abogado para que el lo aconseje antes de que le hagamos alguna pregunta, y de tenerlo presente con usted durante las preguntas.*

• If you cannot afford a lawyer, one will be appointed to you before any questioning if you wish.
*Si usted no tiene el dinero para emplear a un abogado, se le puede obtener uno antes de que le hagamos alguna pregunta, se usted lo desea.*

• If you decide to answer question now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.
*Si usted decide contestar nuestras preguntas ahora, sin tener a un abogado presente, siempre tendra usted el derecho de dejar de contestar cuando guste. Usted tambien tiene el derecho de dejar de contestar cuando guste, hasta que pueda hablar con un abogado.*

• Any statement you make must be given freely and voluntarily. Do you understand your rights? Yes or No.
*Cualqueir declaracion que usted haga debe de hacerlo libre y voluntariamente. ¿Entiende sus derechos? Si o No._YES_*

1. Are you willing to answer my questions at this time? *¿Este usted dispuesto a contestar mi preguntas en este momento?*

A: _SY_

2. Do you swear that all the statements that you are about to make will be the truth, the whole truth, and nothing but the truth?
*¿Jura usted que las declaraciones que va a hacer, seran la verdad, la verdad entera, y nada mas que la verdad?*

A: _SY_

3. What is your true and correct name? *¿Cual es su verdadero y correcto nombre?*

A: _SAUL Figueroa Fierros_

4. Have you used any other names? *¿A usado otros nombres?*

A: _SY_ _Alejandro torres Alvarado_

5. Where and when were you born? Of what country are you a citizen?
   *¿Cuando y donde fue su nacimiento? ¿De que pais es usted ciudadano?*

A: 12-22-64   Los Angeles .CA.  ⊗  U.S.

6. What are your parent's names and of what country are your parents citizens?
   *¿Cuales son los nombres de sus padres y de que pais son sus padres ciudadanos?*  Mexico. Los 2

A: Alma Rosalia Fierros . Rumualdo.Figueroa

7. Were you deported from the United States? When? Where? *¿Fue usted deportado de los Estados Unidos? ¿Cuando? ¿Donde?*

A: NO                  N

8. Did you illegally enter the United States? When? Where? *¿Entro usted ilegalmente a los Estados Unidos? ¿Cuando? ¿Donde?*

A: NO

9. What crimes have you been convicted of in the United States? *¿De que crimenes ha sido usted convicto en los Estados Unidos?*

A: trasportacion de Ilegales

10. Have you ever applied for immigration benefits? What kind? When?
    *¿Ha usted aplicado para beneficios de inmigracion? ¿Que clase? ¿Cuando?*

A: NO

11. Have you ever applied to the attorney general of the United States for permission to re-enter the United States?
    *¿Ha solicitado usted alguna vez al procurado general de los Estados Unidos para permiso para entrar a los Estados Unidos?*

A: NO

12. Do you have any fear of persecution or torture should you be removed from the United States?
    *¿Tiene usted miedo de persecucion o tortura si es expulsado de los Estados Unidos?*

A: NO

13. Do you wish to make any other statement? *¿Usted desea hacer otras declaraciones?*

A: NO

## Record of Sworn Statement

I have read (or have had read to me) the foregoing statement. I state that the answers made by me are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my interrogation of the date indicated by the above named officer of the Immigration and Naturalization Service. I have initialed each page of this statement and the correction(s) if any noted on page(s)_____.

*Yo he leido (o me lo han leido) esta declaracion. Yo he declarado que mis respuestas en este documento son veridicas y correctas de acuerdo a mi conocimiento y se que esta declaracion es un acta veridica y correcta de mi interrogacion en la fecha indicada por el oficial del servicio de inmigracion y naturalizacion mencionado arriba. Yo he puesto mis iniciales en cada una de las paginas de esta declaracion y la(s) correcion(s) anotadas en la pagina(s)_____.*

Alien's signature (Firma del extranjero): X SAUl Figueroa Fierros

Subscribed and sworn to me at  Taft FCI, Taft,CA  on  August 20, 2003
(Ante mi presencia firmo y jury en la cuidad de)            (en)

| RIGHT THUMB | RIGHT INDEX |
| --- | --- |

Signature

Jaime E. Maldonado  I/A
Print name and title

Witness                         Print name and title

U.S. Department of Justice
Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|
| TORRES-Alvarado, Alejandro | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| MEXICO | | Case No: BKI0308000180<br>A078 756 029 | 69 | 193 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| IN ICE CUSTODY | |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | ☒ Single ☐ Married<br>☐ Divorced ☐ Widower ☐ Separated |
|---|---|---|
| 10/29/2002, Unknown Time, SYS, WITHOUT INSPECTION | | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| | CAP 511.2.2 |

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 01/13/1981    Age: 22 | 08/27/2003 | SFR/BKI | Taft FCI | 08/25/2003  0000 |

| City, Province (State) and Country of Birth | AR ☒ | Form: (Type and No.) | Lifted ☐ | Not Lifted ☐ | By |
|---|---|---|---|---|---|
| NAYARIT, MEXICO | | | | | BRIAN PELLIN |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | IN INSTITUTION |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | OVER 1 YEAR |

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | See narrative |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | NONE CLAIMED |

| Father's Name, Nationality, and Address, if Known  Nationality: MEXICO , Romoldo | Mother's Present and Maiden Names, Nationality, and Address, if Known  Alma  nationality: MEXICO |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☐ No ☒ | INS Systems Checks | Charge Code Word(s) |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary Hr. | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

OTHER ALIASES KNOWN BY
FIRROS, SAUL FIGUEROA
FIGUEROA-Fierros, SAUL
FIGUEROA-Encarnacion, SAUL

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by PELLIN

USM# 83865-198

SUBJECT came to the attention of Immigration and Customs Enforcement pursuant to his incarceration with the Federal Bureau of Prisons.  He was interviewed by Immigration Agent Maldonado on 8/20/03, and again by Immigration Agent Pellin on 8/27/03 at Taft FCI.

SUBJECT is a native and citizen of Mexico, who has given birth dates of 1/13/81 and 12/22/80.  SUBJECT entered the U.S. on or about 10/29/02 at or near Calexico, CA without being inspected and admitted or paroled by an Immigration Officer.  At that time, U.S. Border Patrol Agent Castaneda attempted to stop a black Ford Thunderbird with Baja California, Mexico license plates a vehicle operated by SUBJECT.  SUBJECT initially failed to yield, and was pursued until a successful deployment of a control tire

BRIAN PELLIN
IMMIGRATION AGENT
(Signature and Title of INS Official)

| Alien has been advised of communication privileges. _____(Date/Initials) | |
|---|---|
| Distribution: | Received: (Subject and Documents) (Report of Interview)<br>Officer: **BRIAN PELLIN**<br>on: **August 27, 2003** at _____ (time)<br>Disposition: **REINSTATEMENT OF DEPORT ORDER I-871**<br>Examining Officer |

MICHAEL J. TOMS                    039

Form I-213 (Rev. 4/1/97)Y

| Alien's Name | File Number Case No: BKI0308000180 | Date |
|---|---|---|
| TORRES-Alvarado, Alejandro | A078 756 029 | 08/27/2003 |

deflation device brought the vehicle to a stop. At approximately 1:20 A.M., SUBJECT was placed under arrest by BPA Castaneda, along with five (5) other occupants within the vehicle.

Upon return to the Calexico Border Patrol station, SUBJECT was advised of his Miranda Rights, and willingly answered questions at that time. According to a narrative composed by BPA Castaneda, SUBJECT stated first that he was a native and citizen of Mexico, with no valid documents to enter or work within the U.S. SUBJECT stated that he had entered the U.S. approximately 2 months prior to work in Los Angeles. SUBJECT then claimed to be a U.S. Citizen, and his name was Saul FIGUEROA-Fierros, born 12/22/84, and was in possession of a birth certificate documenting this information.

A check of the INS IDENT database revealed that SUBJECT had been entered into the system as Alejandro TORRES-Alvarado, DOB 1/13/81, and had previously been Expeditiously Removed from the U.S. on 9/28/00, and 1/31/02 for False Claims to U.S. Citizenship. Further checks indicated that SUBJECT had been apprehended and removed a total of 12 times under various identities.

SUBJECT then provided a contact number of (323)441-1087, stating it was his aunt's number. Senior BPA Morales contacted an individual identifying herself as Cecilia, SUBJECT's aunt. Celilia stated that SUBJECT was born in 1980 in Nayarit, Mexico, and his name was in fact Saul FIERROS-Encarnacion.

SUBJECT then spoke with Special Agent Lewenthal and claimed his name to be Saul FIERROS-Encarnacion, DOB 12/22/80. SUBJECT stated that he met with a woman named Betty Garcia, and SUBJECT agreed to help her smuggle in aliens at or near Yuma, AZ. Witnesses Carlos Alberto OSARTO-Lopez and Ricardo CARILLO-Padilla stated they made arrangements to be smuggled into the U.S., and both picked the SUBJECT from a photo line-up as the driver of the vehicle. According to SA Lewenthal, SUBJECT maintained for long hours the fact that he was a U.S. citizen. SUBJECT finally recanted this claim and admitted that he was a citizen and national of Mexico. SUBJECT stated that the birth certificate in his possession belonged to his cousin, who was in Mexico at that time, and that SUBJECT's driver's license was obtained fraudulently with that birth certificate. These documents were confiscated and placed within SUBJECT's A-File.

On 3/3/03, SUBJECT was convicted in the United States District Court, Southern District of California for the offense of Transportation of Illegal Aliens for Financial Gain, in violation of Title 8 United States Code 1324(a)(i)(A)(ii). For this transgression, SUBJECT was sentenced to a term of 10 months incarceration in federal prison.

On 8/4/03, SUBJECT submitted an Inmate Request To Staff to be forwarded to U.S. Immigration, which was received by Immigration Agent Pellin on or about 8/6/03. On this request, SUBJECT stated that he was an American citizen, and that he would like his detainer removed. As evidence, SUBJECT provided a discharge physical of a newborn from General Hospital in Los Angeles, CA, but did not include a birth certificate.

| Signature | Title |
|---|---|
| BRIAN PELLIN | IMMIGRATION AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

040

| Alien's Name | File Number<br>Case No: BKI0308000180 | Date |
|---|---|---|
| TORRES-Alvarado, Alejandro | A078 756 029 | 08/27/2003 |

On 8/20/03, Immigration Agent Maldonado acquired a sworn statement from SUBJECT regarding his status within the U.S. At that time, SUBJECT again stated under oath his name to be Saul FIGEROA-Fierros, and that he was a U.S. Citizen. SUBJECT then presented a Certification of Vital Record provided by the California Department of Health Services as evidence of his citizenship.

On 8/27/03, Immigration Agent Pellin conducted another interview. SUBJECT again stated that he was a U.S. Citizen, although his mannerisms indicated that he was being untruthful. SUBJECT maintained this claim despite being presented evidence of his previous admission that he was, in fact, a citizen and national of Mexico. SUBJECT again presented the Certification of Vital Record, the same document he showed IA Maldonado the previous week. Upon review, the information on this document matched the information on the Birth Certificate seized from SUBJECT after his apprehension by the USBP. Pursuant to orders from supervision, this new document was seized and will also be placed into SUBJECT's A-file. SUBJECT also claimed that he only admitted that he was a Mexican citizen to SA Lewenthal because Lewenthal told him it was the only way he would be able to leave. SUBJECT then stated that all of his apprehensions at the border came after that, and he claimed to be a Mexican citizen each time because he didn't want to be arrested. IA Pellin informed him that the claim was impossible due to the fact that those apprehensions all occurred before the incident involving his arrest for alien transportation, and that SUBJECT currently was incarcerated for that crime.

SUBJECT is being processed for a Reinstatement of Deportation under Section 241(a)(5) of the INA.

| Signature | Title |
|---|---|
| BRIAN PELLIN | IMMIGRATION AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

041

U.S. Department of Justice

Immigration and Naturalization Service

# Warrant of Removal/Deportation

File No: **BKI0308000180**
**A078 756 029**

Date: **AUGUST 27, 2003**

## To any officer of the United States Immigration and Naturalization Service:

**Alejandro TORRES-Alvarado aka: FIRROS, SAUL FIGUEROA; FIGEUROA-Fierros, SAUL;**
**FIGUEROA-Encarnacion, SAUL**
(Full name of alien)

who entered the United States at **Calexico, CA** on **October 29, 2002**
(Place of entry)                                             (Date of entry)

| Family Name (CAPS) | First | Middle | |
|---|---|---|---|
| TORRES-Alvarado, Alejandro | | | |
| Country of Citizenship | Passport Number and Country of Issue | File Number | |
| MEXICO | | Case No: BKI0308000180<br>A078 756 029 | |
| U.S. Address | | | |
| IN ICE CUSTODY | | | |
| Date, Place, Time, and Manner of Last Entry | | | Passenger Boarded at |
| 10/29/2002, Unknown Time, SYS, WITHOUT INSPECTION | | | |

final order by:

roceedings

Number, Street, City, Province (State) and Country of Perma

**PART II    BAGGAGE CHECK**

A28 256 029

**941893**

ality Act:

| Date of Birth | | |
|---|---|---|
| 01/13/1981 | Age: 22 | |
| City, Province (State) and Country of Birth | | |
| NAYARIT, MEXICO | | |
| NIV Issuing Post and NIV Number | | |
| Date Visa Issued | | |

I, the undersigned officer of the United States, by virtue of the power and authority vested in the
Attorney General under the laws of the United States and by his or her direction, command you
to take into custody and remove from the United States the above-named alien, pursuant to law,
at the expense of:

G.RVB

_(Signature of INS official)_

Interim Field Office Director
_(Title of INS official)_

AUG 2 9 2003    San Francisco, CA
_(Date and office location)_

**Please Return Executed I-205/94 to**
**U.S.I.N.S.**
**800 Truxtun Ave.**
**Room 109**
**Bakersfield, CA 93301**
**Fed-Ex Account# 2210-0905-3**

042

Form I-205 (Rev 4-1-97)N

To be completed by Service officer executing the warrant:
Name of alien being removed:

**Alejandro TORRES-Alvarado**

Port, date, and manner of removal:  _SAS  08/30/03  _____



Photograph of alien
removed



Right index fingerprint
of alien removed

_Saul Fierros_
(Signature of alien being fingerprinted)

_____
(Signature and title of INS official taking print)

IDENTED
# 737 1018
DATE: 8-29-03
OFFICER ID: _____

Departure witnessed by: _____ JFA
                        (Signature and title of INS official)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____

_____

_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here.  ☐

Departure Verified by: _____
                        (Signature and title of INS official)

Please Return Executed I-205/94 to
U.S.I.N.S.
880 Truxtun Ave.
Room 109
Bakersfield, CA 93301
Fed-Ex Acct # 2210-0905-3

**U.S. Department of Justice**

Immigration and Naturalization Service        **Warning to Alien Ordered Removed or Deported**

File No:    BKI0308000180
          A078 756 029

Date:    08/27/2003

Alien's full name:    Alejandro TORRES-Alvarado   AKA: FIRROS, SAUL FIGUEROA; FIGEUROA-Fierros, SAUL;
                 FIGUEROA-Encarnacion, SAUL

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act(Act), you are prohibited from entering, attempting to enter, or belong in the United States:

☐   For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☐   For a period of 10 years from the date of your departure from the United States because you have been found:

     ☐   deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

     ☐   inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of having been present in the United States without admission or parole.

     ☐   deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

     ☐   deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of the United States district court, or a magistrate of a United States magistrate court.

☐   For a period of 20 years from the date of your departure from the United States because after having been previously excluded, deported, or removed from the United States, you have been found:

     ☐   inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

     ☐   deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

     ☐   deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.

     ☐   deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

     ☐   to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

☒   At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. An alien who violates this section of the law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

_(Signature of officer serving warrant)_            _(Title of officer)_            _(Location of INS office)_    044

**U. S. Department of Justice**
Immigration and Naturalization Service

# Notice of Intent/Decision to Reinstate Prior Order

File No.  **A078 756 029**
Case No: **BKI0308000180**
Date: **August 27, 2003**

Name: **Alejandro TORRES-Alvarado AKA: FIRROS, SAUL FIGUEROA; FIGEUROA-Fierros, SAUL; FIGUEROA-Encarnacion, SAUL**

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR241.8, you are hereby notified that the Attorney General intends to reinstate the order of  **Removal**  entered against you.  This intent is based on
<u>(Deportation / exclusion / removal)</u>
the following determinations:

    1.  You are an alien subject to a prior order of deportation / exclusion / removal entered on  **September 25, 2000**  at
                                                                           (Date)
        **Calexico, CA**
              (Location)

    2.  You have been identified as an alien who:

        [X]  was removed on  **January 31, 2002**  pursuant to an order of deportation / exclusion / removal.
                               (Date)

        [ ]  departed voluntarily on _____  pursuant to an order of  deportation / exclusion / removal on or
                                  (Date)
          after the date on which such order took effect (i.e., who self-deported).

    3.  You illegally reentered the United States on or about **October 29, 2002**  at or near  **Calexico, CA**
                                                   (Date)                           (Location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally  reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion,  deportation or removal and are therefore subject to removal by reinstatement of the prior order.  You may contest this determination by making  a writen or oral statement to an immigration officer.  You do not have a right to a hearing before an immigration judge.

*The facts that formed the basic of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the* **English** *language.*

_____Willard Scam_____                                    _____
    (Printed or typed name of official)                             (Signature of officer)

                                                          _____IEA_____
                                                           (Title of officer)

## Acknowledgment and Response

I [ ] do [X] do not  wish to make a statement contesting this determination.  **Saul Fierros**
**8-29-03**                                                                   
 (Date)                                                                  (Signature of Alien)

## Decision, Order, and Officer's Certification

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.

**AUG 2 9 2003**                  **Michael J. Toms**
   (Date)                          **(L Supervisory Special Age**    (Signature of authorized deciding INS official)
                                              **Bakersfield, CA**

_____                                               _____
(Printed or typed name of official)                                         (Title)

045

Form